May it please the Court, my name is Mark Coleman, and I represent the appellant in this case. Although the facts regarding the case and the procedural history are set forth in the pleadings, I think it's important to reiterate a couple of things. First of all, this case originated in state court, in the Tulare County Superior Court. That's where I originally filed the case against Cahuilla Delta Hospital. At the time the complaint was filed, we weren't aware that Dr. Bencomo even existed, or a number of the other doctors were even existed. And so we subsequently amended the complaint to name all of the doctors, including Dr. Bencomo. When we filed the action against Dr. Bencomo, we served it on Dr. Bencomo. Dr. Bencomo apparently retained private counsel, who filed an answer on his behalf, who designated himself to be trial counsel, and who posted jury fees in the state court. About three months later, we received notice that Dr. Bencomo was deemed to be an employee of the Federal Court of Archives. So the point that I want to emphasize is that this was not an action based upon a federal court claim. This was an action against private health care providers because nobody knew Dr. Bencomo was a federal employee. That takes this case out. Including Dr. Bencomo apparently. Including Dr. Bencomo, he retained his own counsel. He filed an answer paying $150 for a jury fee. He designated himself as trial counsel in the case. Subsequently, we were notified the case was removed. As you say, you know all of that. But that makes this case different than McNeil. Because McNeil talks about a case where the plaintiff knew at the time he filed the claim, that these people were federal health care workers. Can I ask a question? Sure. Do you understand now your qualifications go otherwise opposite? You're saying that they filed the same case. But the statute of limitations is gone. Now why in the beginning did you hear the statute of limitations? Because this was wanted at one case instead of two, was that why? I'm sorry. Why didn't you want to hear that much evidence? Was it basically wanted at one case instead of two? Well, it has to do with the statute of limitations. Well, now, but originally not. Well, there was still a statute issue with regards to the state court's action because some of the state court defendants were public entities. So I have a court claim issue that I had to deal with with regards to those. But those under that case would go on whatever. You could have filed a separate case at the time of exhaustion in February. I could have filed a separate case. They probably would have been just that two cases. I would have had two cases, plus there's potential of statute issues with regards to relating back because this was filed more than three years after the tort claim was filed, longer than potentially the statute of limitations. Oh, I see. You mean the original tort claim. The tort claim was therefore filed more than two years later. That problem you have anyway. Pardon me? That problem you do have anyway. I think I can overcome that problem as a result of an exception when the status of the defendant is unknown. This is a federal case. I've got one of these cases in Seattle where there are state actors and then there's a doctor who is on loan from the military, and we're going to end up with two trials. There's no two ways about it, a jury trial in state court and a bench trial in federal court. I think the result's question is why not just go forward with the state court action and file a separate federal action to deal with your statute of limitations and specific courts that know what they're doing in those areas and go forward. If I had to do it over again, I might have done that. I probably would do that if I had the opportunity to do that again. Do you think under these facts that the issue was wrong to dismiss it after you had amended in state court, after suspecting your administrator? I do, and for two reasons. There are two separate lines of cases, one that supports me, one that doesn't. The distinction rests upon two things. The distinction rests upon, in first part, whether or not this is a non-FD, Federal Tort Claims Act case. Judge O'Neill, in, I believe, Gallegos or in the John H. maybe Kern County case, basically says, I don't care what you call it, this is a Federal Tort Claims Act. However, Harry, the case that I cited now, says that, in my letter brief, that this is not an action against the federal government. This was a private action against a private doctor when it began. And so, therefore, it doesn't come within the Federal Tort Claims Act. Harry points out that the cases that rule against my position are all cases wherein the status of the provider was known. Sparrow, or not the provider, but the defendant, was known. In Sparrow, it was the United States Postal Service. In McNeil, it was governmental entity. And as the court pointed out, the court pointed me out, pointed us out to North Star. In North Star, they say that under Rule 15, that the filing of an amended complaint is the same, is that you can cure standing deficiencies, even jurisdiction of standing deficiencies, through supplemental claiming. The North Star case holds that Federal Rule of Civil Procedure allows the filing of a supplemental claim to cure the lack of jurisdiction, which is what happened in this case. Say, all right, well, jurisdiction, what kind of jurisdiction was it? In North Star, it was a standing issue, whether or not the plaintiffs had standing to proceed as a class action. And the North Star case said that Rule 15D permits supplemental claiming to correct a defective complaint and circumvents the needless formality and expense of instituting a new action when events occurring after the original filing indicate a right to relief, which is exactly what happened. They cite Wright and Miller, the treatise, and it says a lack of subject matter jurisdiction. The problem is that we have McNeil, right? It was just a balance section in general. So the question is, I guess your point is that McNeil didn't go through, maybe did they not amend the complaint? Maybe there's a little problem in McNeil, they just amended the complaint. In McNeil, as far as I can see from McNeil, there wasn't an amended complaint. The logic of the complaint, and it says that the case related back to the day he filed the complaint, not to a proposed amended claim, which is what we're dealing with here. I don't believe that McNeil controls in this case. I think that Valadez-Lopez is the case, McNeil was the first, say, inmate bringing an action. He probably didn't know if he was amending complaints or anything like that. But when judges dismiss for the first time, you go back three minutes back to state court. At that point, you sort of become the federal government has to waive their sovereign immunity, and the only way to waive their sovereign immunity is if you do this, this, and this. And you didn't do this, this, and this. Well, we did file a claim before I brought Dr. Iacono in. His claim was rejected. We filed a claim. It was rejected. They would have amended your state court action, but that was removed. Yeah, I mean, North Star definitely helps you, but as Judge Prasad said, we have a famous United States court court case that makes it seem that if you file the case before then, you're in trouble. But again, McNeil doesn't deal with the issue of an amended complaint. It doesn't deal with the issue. I have no problem with the whole concept that this is a jurisdictional prerequisite. The issue is, does an amended complaint satisfy that? I believe it does. Okay. We are just short of time. Thank you. Thank you. May it please the Court. Victoria Bush on behalf of the United States. The FTCA statute provides that a claim shall not be instituted against the United States prior to the complete exhaustion of administrative rights. It actually says claim, right, on the case? It says claim, yes. Okay. In this instance, in this instance, no one is instituting a claim against the United States prior to the complete exhaustion, right? I mean, they sue the person who answered it. And the United States comes in and says, oh, by the way, you have to be suing us. And they say, well, fine, I'm pursuing you. We'll dismiss the case. We're back to street court. And then they file the claim. So they filed an administrative claim. So in what way did they file a claim except for the fact that this might happen to be a United States employee who didn't know it, and that's why they filed a claim against the United States? Well, you're wrong. The statute says that a claim shall not be instituted. It's in the past. Here, at latest, a claim was instituted against the United States in March of 2013 when the United States the first time removed the state court lawsuit to substitute the United States for Dr. Bencomo, instituted by the United States coming in. Why was it instituted? The claim was instituted in court at least under the FGCA, at least when the United States substituted it. And the claim became a federal claim against the state.  No, they didn't immediately dismiss it. Not immediately, Your Honor. First, the United States filed a motion to dismiss for failure to exhaust administrative remedies. And then, you are correct, there was a stipulation that the claim was dismissed. The plaintiff filed an administrative claim under the FGCA, and about eight months after the original removal, the Chief Health and Human Services denied that court claim. Now, the administrative denial letter clearly instructed Plaintiff's Counsel that if his client wished to continue to pursue a claim under the FGCA, that he needed to, within six months of the denial, file suit in federal court against the United States. Now, Plaintiff's Counsel, there is no statutory provision for if you file a state court. Your Honor, you have, if you were looking at it, there are many things to look at. I want you to provide me your question. Yes. So, there is a statutory provision that takes, that accounts for these cases. You're correct, where a federal employee, where, excuse me, a plaintiff files against a federal employee, not realizing that the person is a federal employee. And as happened here, the United States can come in and remove that case and certify that the employee was within the scope of this federal employment and become the defendant, because the only way that such a claim is cognizable is under the FGCA as a claim against the United States. And the FGCA, you're correct, does provide that when that happens, well, it provides two things that are important here. The first is it provides that when that happens to a claim, that claim is subject to the same limitations as any other FGCA claim. It also addresses this problem of, well, what if the plaintiff doesn't know when he files in state court that the person is a federal employee? And what the FGCA statute does to address that problem is it says, okay, if you don't know, we're going to give you some extra time to file an administrative claim. Basically what happens is when the claim is dismissed from federal court after the United States substitutes him for failure to exhaust administrative remedies, the plaintiff then has 60 days to file an administrative claim. And if the plaintiff's original, on the filing date of the original state court lawsuit, the administrative claim would have been within the FGCA's two-year statute limitations for filing an administrative claim, then the administrative claim is deemed timely. And that's what happened here. And that's what happened here. The problem identified by Helen here, which is that sometimes people don't know and they simply didn't know until the United States was substituted in. So, again, the only problem is that he then filed in state court instead of federal court? Otherwise, everything would have been fine. Correct, Your Honor. Plaintiff's counsel. So the statute was exhausted. That's correct. And certainly that was presented briefly. I mean, your position now is everything they did was fine, except he should have filed in federal court a second time. Our position is, yes, after administrative exhaustion, McNeil required them to file a new lawsuit in federal court. McNeil was accomplished by a group of people. A group of people, as you mentioned, passed in state court a second time. And Dr. Rincon has apologized for that reason. Federal government once again refused to district court. District court assigns it a new number. Why doesn't that become a new action filed in federal court? Because as the appellant here concedes in his brief, that case was a continuation of the prior case. He filed a new case in state court. He simply amended the original case to again assert a claim against the doctor who was a federal employee. That is correct, Your Honor. Of course, their position is that McNeil, which was concerned about tradition, insofar as it has a rationale, it's too just a position to say, now you have a case that's sitting around not being acted on. Now it's a completely different result. The only result being here, McNeil, you have to have two cases of state court. That's the net result of your position. As McNeil observed, Your Honor, in an individual case, the rule might not result in what the judge views as the most efficient result. However, this is a completely different result. This has nothing to do with cases going around, not being attuned in here. I was fully aware of your position that once this case could perfectly well go forward exactly as it was, at the exact time it did, you kind of resolved it as a court. That being your position, your only position is that it had to be split up. The plaintiff was required to file a new lawsuit under McNeil. And the Supreme Court, in the recent decision, in 2016... The fault of the case was originally filed in federal court. It had to be removed. I understand that separate removal, opening a new file in federal court, doesn't satisfy the requirement. As far as the federal court was concerned, it's not a full lawsuit. It's a split lawsuit. That's incorrect, Your Honor. Your office filed a statement over eight cases identifying these two separate cases. Well, the district court, in its opinion, observed that it was the same case, notwithstanding a new case number having been assigned. Because it had history. So if somebody files a new lawsuit, as you say, instead of it's not out of the blue, if there had been discovery before or other activity that the parties argued should be attended to in federal court, okay, you still have that history. But it really doesn't change the reality as far as the federal court is concerned. You have this new file. Nonetheless, Your Honor, it was a continuation of the prior case. Is there a reason for any of this? I didn't hear Brady argue that it would move the exhaustion requirement. That's not true because the agency didn't have the opportunity to rule on it or to rule on the claim. So what's to be gained by requiring the filing of a new lawsuit in federal court? What's to be gained is the application of the exhaustion requirement. Paul. Just a question. You represent the United States in the Department of Justice, the Justice Department. You can see this looks to us like an action, and we don't really like to have the government give us an action argument when the plaintiff doesn't have a hearing in court, unless there's a strong policy or statutory or constitutional reason for it. So in your last 45 seconds, tell us what it is. Your Honor, as McNeil articulated, there is a strong policy reason to treat the large body of FTCA litigation using the same rules. Here, the only thing that prevented the plaintiff from going on with his lawsuit is his counsel's strategic decision not to follow the clear instruction of the denial letter, which is filed by the agency. Strategic in the sense that he already had a lawsuit. He had a whole bunch of discovery. And he had, for a very good reason, thought it was better for everybody and don't want to support some stiff joke. That's not a strategic reason. It's not. But whatever it is, it seems to have nothing to do with the exhaustion requirement. I mean, that's what strikes me. In other words, the McNeil issue seems to have something to do with the reason you have an exhaustion requirement. This one just seems to be the way it's implied here. It has nothing to do with the exhaustion requirement because you're perfectly happy to think that you adequately exhausted the problem because you should have had your lawsuits instead of what? What does it have to do with McNeil? I've said it many times. It's a bad person. Your Honor, the point here is that to allow judicial discretion to not follow the rule in McNeil is going to create problems. But it's not a rule in McNeil. That's my only point I should say. It isn't the rule in McNeil that you're questioning on. You're questioning on the fact that he had to file the case, the same case at the same time, in federal records, state court. That he had to follow the rules, Your Honor. Yes. That he had to. The McNeil rule is a different rule. Well, McNeil requires strict adherence to the statutory command that administrative remedies be exhausted before. And they were exhausted. And you agree that he could have gone into federal court at that very moment. He could have done so, Your Honor, but he did not. Well, if he had filed a new accident at state court, say you removed him, would that be a, would that comply with the statute? Well, he should have filed in federal court because that's the only place that there is a jurisdiction. However, a new lawsuit would avoid the McNeil problem. Yes. Okay. Thank you very much. Thank you. I do have one more question. Yes. We now know because of the Supreme Court that there is equitable trolling, I do think that's part of the FGCA. If he now files a new lawsuit, would there be equitable trolling for the time period? I'm just not getting a spin on this exercise. Are you asking me to argue for equitable trolling? Whether you have any idea whether there's a case law or what the government's position would be. I think you can have filed a federal lawsuit. On the Supreme Court's decision in Wong, he could potentially argue for that. There are no facts that I'm aware of here that would testify to that. In California, for example, it's automatically FGCA procedure. As I understood it, that you could have equitable trolling for any period that a lawsuit is pending, at least a colorable one. So at least a colorable one, and the conversation we just had. So, I mean, that's a California equitable trolling rule. So if there are facts, i.e., he was pending all this time in a legitimate effort, even if a wrong one, to argue that, in your theory, that this was a reasonable way to proceed, the question is, would that lead to equitable trolling? We don't believe there are facts to testify to equitable trolling here. However, the Supreme Court permits one to make that argument. Okay. Thank you very much. Thank you. I think the court understands my argument, understands your response. The whole purpose of the FGCA and the claims filing requirement is to save judicial resources. Adopting the position that the United States makes in this case doesn't save any judicial resources. It wastes judicial resources, because we have two separate cases going on in two separate jurisdictions investigating the same issue. We've got two judges. We've got two juries. We've got attorneys. And I believe that the cases that I've cited support my position. I think it's a difference without a distinction. Thank you. Are you going to try your case in state court now? We're not waiting for all this other federal stuff. I mean, your case is getting a little bit standoffish. So you're going to end up in state court for sure, too, right? Well, the problem is, is that although the court ordered the case remanded, it's still in federal court. It hasn't been sent back. There's nothing I can do because the case is not back. I actually talked to my state court judge and said, maybe we can try the case together. I'll come down to your place, and I'll sit up there with you, and you deal with the jury, and all of that. It doesn't work. You're going to end up with two trials. Okay. By the way, there is no jury trial on the FTCA case. That's true. Right. If you do try it on together, you're going to have to try it for a jury trial now. Well, it's all messed up now. All right. Thank you very much. Thank you both. The case with Diehl v. United States is submitted, and we'll go to the next case, Jay Wallace v. Wright and Rancho.
judges: Berzon, Clifton, Lasnik